IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TINA S. CUMBESS,<br><br>       Plaintiff<br><br>  VS.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>       Defendant | NO. 5:07-CV-386 (CAR)<br><br>**SOCIAL SECURITY APPEAL** |

## RECOMMENDATION

  This is a review of a final decision of the Commissioner of Social Security denying plaintiff TINA S. CUMBESS's claim for benefits under the Social Security Act, 42 U.S.C. § 423. On May 6, 2005, plaintiff filed an application for Social Security Disability Benefits alleging disability beginning February 12, 2003 due to a variety of medical conditions including hypertension, gastrointestinal problems, and anxiety-related disorders. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ") which was held on October10, 2006. In a decision dated November 22, 2006, the ALJ found that she was not disabled. The Appeals Council denied plaintiff's request for review on August 16, 2007, making the hearing decision the final decision of the Commissioner. Thereafter, on October 11, 2007, plaintiff Cumbess filed the instant Complaint. Tab #1.

LEGAL STANDARDS

  The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision**.** *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix

---

[1] Credibility determinations are left to the Commissioner and not to the courts**. Carnes v. Sullivan**, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. **Wheeler v. Heckler**, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also* **Graham v. Bowen**, 790 F.2d 1572, 1575 (11th Cir. 1986).

1 of Part 404 of the regulations.  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).  The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal.  *Id*.

## DISCUSSION

### CLAIM THAT ALJ IMPROPERLY DISCOUNTED PHYSICIAN'S OPINION

In her Complaint, plaintiff Cumbess first alleges that the ALJ erred in discrediting the opinion of her treating physician on how her medical conditions impacted her residual functioning capacity (RFC).   In support of this contention, she avers that while the ALJ adopted her treating physician's opinion that her impairments limited her ability to stand, sit, stoop, or lift and carry heavy objects, she improperly ignored her doctor's opinions about her postural or manipulative limitations.  This mistake, according to Cumbess, is evident in the ALJ's finding that the plaintiff could work in a  kiosk cashier position which requires frequent reaching and handling.

Contrary to this assertion by the plaintiff, a review of the ALJ's written decision reveals that the ALJ properly rejected Dr. Mohamedy's opinion regarding plaintiff's postural and manipulative limitations.  In doing so, the ALJ noted that Dr. Mohamedy's opinion regarding these particular limitations was not supported by his own treatment notes and was contradicted by other objective medical evidence.  After reviewing the ALJ's written decision and the evidence of record, the undersigned concludes that the ALJ's decision to discount or reject certain opinions of Dr. Mohamedy is supported by substantial evidence.  As such, this argument by the plaintiff fails.

### CLAIM THAT ALJ ERRED BY FAILING TO SPECIFY SIT/STAND FREQUENCY

Plaintiff next contends that the case should be remanded because, in formulating the plaintiff's RFC, the ALJ failed to state with specificity the frequency with which the plaintiff needs to sit or stand. Plaintiff Cumbess concedes that the ALJ found that she is limited to four hours each of sitting and standing but finds fault with the fact that the RFC does not specify the length of time between changes or whether the changes could be scheduled. Moreover, plaintiff contends that her need to alternate sitting and standing considerably erodes her ability to perform a significant number of jobs within the category identified by the ALJ.

In response to this contention, the defendant states that the ALJ's RFC finding, as well as her hypothetical question to the vocational expert, contemplated a sit/stand option at will and that, as such, this argument by the plaintiff is without merit. In further support of this conclusion, the defendant notes the plaintiff has failed to suggest any way in which the RFC or hypothetical question could be interpreted otherwise. Moreover, the defendant notes that the vocational expert's discussion during the hearing of the plaintiff limitations, as well as the fact that the jobs he identified as appropriate for the plaintiff would allow for such a limitation, demonstrate that he understood the requirement that the plaintiff be allowed a sit/stand option.

Despite plaintiff's contention that when an ALJ does not specify the frequency that a claimant needs to change position, the case must be remanded, such a result is uncalled for where the reasonable implication of the ALJ's hypothetical question or description to the vocational expert included the limitation that the claimant be able to sit or stand on her own volition. See *Williams v. Barnhart*, No. 04-16173, 2005 WL 1943186 (11th Cir. 2005). After reviewing the above arguments, the undersigned concludes that the ALJ's failure to specify the frequency with which the plaintiff needs to sit or stand does not require that the case be remanded. As such, this argument by the plaintiff Cumbess also fails.

**CLAIM THAT ALJ ERRED IN ASSESSING PLAINTIFF'S CREDIBILITY**

Plaintiff's next contention is that the Commissioner failed to evaluate her subjective complaints under the proper legal standard. Specifically, the plaintiff contends that the ALJ did not properly consider her complaints of, or the evidence in the record about, her back pain, dysphagia, food sticking in her esophagus, and diarrhea.

It is well settled that it is not enough for a claimant to simply provide subjective accounts of disabling limitations. These subjective accounts must be supported by evidence of an underlying medical condition along with either objective medical evidence confirming the severity of the alleged limitation arising from that condition or medical evidence that the objectively determined medical condition is of a severity that could reasonably be expected to give rise to the alleged limitation. *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991); 20 C.F.R. Sections 404.1508 and 404.1529. Furthermore, the ALJ can reject such testimony if he articulates explicit and adequate reasons for doing so. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

In this case, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that her statements concerning the intensity, duration, and limiting effects of her symptoms were not entirely credible. In making this assessment, the record indicates that the ALJ considered plaintiff's medical history of treatment for irritable bowel syndrome with gastroesophageal reflux, gastrointestinal distress, loss of appetite, bloating, and constipation. Moreover, it appears that the ALJ articulated specific reasons for rejecting Cumbess' testimony including, *inter alia*, citing instances wherein her doctors found that these other conditions were intermittent or controlled by medication. Accordingly, the undersigned finds that the ALJ did not ignore the evidence of these conditions as the plaintiff suggests; nor did she err in finding the plaintiff's subjective complaints of pain not fully credible.

**CLAIM THAT PRESENTATION OF NEW EVIDENCE WARRANTS REMAND**

Plaintiff's final contention is that the case should be remanded because there is a reasonable possibility that new and material evidence which has been submitted to both the Appeals Council and this court could affect the Commissioner's decision. The evidence at issue involves evidence of, *inter alia,* diverticulosis and diverticulitis which was originally submitted to the Appeals Council and evidence of the plaintiff's mental limitations originally submitted to this court. Each category of evidence will be considered separately.

<u>Evidence of Diverticulosis and Diverticulitis Submitted to the Appeals Council</u>

In her brief filed in support of her complaint, as well as her brief filed in reply to the defendant's memorandum in support of the Commissioner's Decision, plaintiff Cumbess focuses her argument on the evidence of diverticulosis and diverticulitis revealed by two CT scans of her abdomen and pelvis. The CT scans, according to plaintiff, provide new, non-cumulative, material, and objective evidence of her bowel abnormalities. As such, she avers that if this evidence had been available to the ALJ, there is a reasonable possibility that the administrative outcome would have been different. Consequently, the plaintiff concludes that the case should be remanded.

Where, as here, a plaintiff submits additional evidence to the Appeals Council and argues to the court that the Appeals Council erred in denying review, the court <u>must evaluate the record as a whole</u>, including evidence submitted to the Appeals Council, to determine (a) if substantial evidence supports the ALJ's decision, and (b) if the Appeals Council properly denied plaintiff's request for review because the ALJ's decision was not contrary to the weight of the evidence then of record. *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1262, 1266 (11th Cir. 2007).

In carrying out this review, the undersigned notes that in addition to the CT scans, the plaintiff provided the Appeals Council with treatment notes and records from the Newton Medical Center, the Newton County Health Center, and the Rockdale Medical Center. These records indicate that the plaintiff has been seen and treated conservatively for complaints of hypertension,

constipation, and anxiety. More importantly, and as the defendant has pointed out, is the fact that none of these records contained statements from examining physicians reporting functional limitations or restrictions that would preclude the plaintiff's performing the reduced range of light work identified by the ALJ. As such, and perhaps as is evidenced by the fact that the plaintiff does not refer to or rely upon these other items of evidence in her argument, the information contained therein is simply not sufficient to show that the Commissioner's decision is not supported by substantial evidence.

Regarding the two CT scans, plaintiff repeatedly avers that they "are the first scans of [her] Cumbess' abdomen and pelvic area which provide objective evidence of bowel abnormalities" and that, as such, they constitute new, material, non-cumulative objective evidence. Consequently, plaintiff contends that had this evidence been available to the ALJ there is a reasonable possibility that it would have affected her decision. Accordingly, plaintiff contends that she is entitled to remand.

At the outset, the undersigned is not convinced that the plaintiff's assertions are entirely forthcoming. While plaintiff's statement that the CT scans "are the first scans of [her] abdomen and pelvic area which provide objective evidence of bowel abnormalities" is technically accurate, her argument seems to imply that the record before the ALJ was devoid of any objective evidence of her bowel abnormalities. Such was not the case. Upon a review of the record, it appears to the undersigned that the ALJ had before her objective evidence indicating that the plaintiff had a diagnosis of sigmoid colon diverticulosis. As such, any assertion, implied or otherwise, that the ALJ did not have objective evidence of the plaintiff's bowel abnormalities before her at the time she made her decision would be inaccurate.

In any event, the court's consideration of this evidence does not necessarily turn on whether or not the evidence is new, material, and non-cumulative. Such strict requirements are generally limited to the court's consideration of a request for remand premised upon the submission of new evidence directly to the district court. As was previously noted, the correct standard of review in cases where remand is sought on the basis of the Commissioners treatment of additional evidence presented directly to the Appeals Council is a review of the record as a whole, including evidence submitted to the Appeals Council, to determine (a) if substantial evidence supports the Commissioner's decision, and (b) if the Appeals Council properly denied plaintiff's request for review because the ALJ's decision was not contrary to the weight of the evidence then of record. *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1262, 1266 (11th Cir. 2007).

Having reviewed the record in accordance with these standards, the undersigned concludes that the Appeals Council properly denied plaintiff's request for review and that the administrative decision at issue is supported by substantial evidence. Accordingly, this argument for remand fails.

### Evidence of Mental Limitations Submitted to the Court

Plaintiff Cumbess' final argument is that her case should be remanded for consideration of new, non-cumulative, material evidence of her mental limitations which she submitted directly to the court. As alluded to above, when a request for remand is premised upon the submission of new evidence *directly* to the district court, the court's consideration of the request is limited to a review under the provisions of sentence six of 42 U.S.C. § 405(g). This is because sentence six of section 405(g) provides the sole means for a district court to remand a case to the Commissioner for consideration of evidence presented for the first time in the district court. See *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985). According to the provisions of sentence six of section 405(g), the district court should order remand where it appears that the newly submitted evidence is (1) new and non-cumulative; (2) material such that a reasonable probability exists that it would change the administrative result; and (3) where there was good cause for the failure to submit the evidence at the administrative level. See *Caulder*, 791 F.2d at 877; *Cherry*, 760 F.2d at 1192.

The evidence at issue is the product of a consultative examination of plaintiff Cumbess performed by psychologist Dr. Earles in September of 2007 at the request of her counsel. During this examination, Dr. Earles administered a series of psychometric tests upon and personally interviewed plaintiff Cumbess. Following his examination, Dr. Earles prepared a summary of the test results as well as an opinion of his impressions of plaintiff Cumbess' mental limitations. In his report, Earles concludes that Cumbess is markedly limited in 13 and moderately limited in 7 of the 20 work-related functional areas, has agoraphobia without history of panic disorder, obsessive compulsive disorder with poor insight, and suffers from mild recurrent major depressive disorder.

In support of her argument for remand, and after outlining the contents of the report as above, plaintiff Cumbess contends that the report meets all three criteria required by sentence six. She begins by asserting that, for purposes of sentence six review, the good cause requirement is met because the report did not exist at the time the administrative decision was made. She next avers that the report satisfies the new and non-cumulative criteria because it is the only assessment of her mental limitations from an examining psychologist in the record. Finally, Cumbess asserts that the evidence is material because there is a reasonable possibility that the administrative results would have been different had this information been before the ALJ at the time of decision.

In response to these contentions by plaintiff Cumbess, Commissioner Astrue takes issue with her claim that good cause exists for her failure to obtain and submit the evidence at the administrative level. To begin, the Commissioner points out that the purpose of the good cause requirement is to discourage the practice of withholding evidence or acquiring evidence after the conclusion of the administrative proceedings in order to subsequently present the evidence as a basis for an unsanctioned "backdoor" means of appeal. Regarding this particular claim, Commissioner Astrue essentially avers that there is no apparent reason, proffered by the plaintiff or otherwise, why this evidence could not have been easily obtained and submitted while the matter was still before the Commissioner. As such, the Commissioner urges the court to find that good cause element required for a remand under sentence six does not exist in this case.

The Commissioner also disagrees with the plaintiff's claim that the evidence at issue is material. He avers that the instant psychological report was not issued until nearly a year after the ALJ issued her decision and further notes that the record contains no evidence that Dr. Earles saw plaintiff Cumbess at any time prior to the ALJ's decision. For these reasons, the Commissioner concludes that Dr. Earles' evaluation is not material to the time frame of the ALJ's decision and therefore does not warrant remand. In a footnote, the Commissioner also states that even if the report accurately describes the plaintiff's intellectual functioning as borderline (typically a lifelong impairment), that impairment could not be severe as is evidenced by the plaintiff's work history. In addition, he points out Cumbess' failure to show how her intellectual functioning would interfere with her ability to perform basic work activities.

Having reviewed the above arguments, it does not appear to the undersigned that the plaintiff is entitled to remand according to the criteria of sentence six of Section 405(g). The primary reason for this conclusion is the fact that neither the record nor the plaintiff's arguments support a finding of good cause. The sole basis for plaintiff's claim that good cause exists is the fact that Dr. Earles' report did not exist at the time the matter was before the ALJ. In making this argument, plaintiff Cumbess relies upon the Eleventh Circuit's language in the case of *Cherry v. Heckler*, 760 F.2d 1186 (11th Cir. 1985).

In *Cherry*, a social security appeal wherein the plaintiff, as here, submitted a mental evaluation directly to the district court, the Eleventh Circuit observed that "good cause for failing to present evidence earlier *may* exist where . . . the evidence did not exist at the time of the administrative proceeding." *Cherry,* 760 F.2d at 1192. (internal citations omitted) (emphasis added). This language, however, clearly does not control the disposition of the good cause issue in the instant case. This is because the Eleventh Circuit's statement, by its own terms, is not mandatory. In addition, it should be noted that in *Cherry*, the defendant did not address and was therefore found by the court to have conceded the issue of good cause.

Based on the foregoing observations, it appears to the undersigned that plaintiff's argument that good cause is established solely on the basis that the evidence at issue did not exist at the time the matter was before the ALJ lacks validity.  In addition, the undersigned notes that if the courts were to adopt such a low bar for demonstrating the existence of good cause, it is clear that the very purpose of the good cause requirement would be undermined.

Accordingly, and after carefully considering the arguments of the parties and the facts of the instant case, the undersigned does not find that good cause as contemplated by the language of sentence six exists in this case.  Since a sentence six remand requires a finding of good cause, and because the undersigned makes no such finding in this case, it is unnecessary to address the parties' arguments about the newness or materiality of the evidence.  As such, the plaintiff's argument for remand under sentence six fails.

For the foregoing reasons, **IT IS RECOMMENDED** that the Commissioner's denial of benefits be **AFFIRMED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 29th day of APRIL, 2009.



                                              CLAUDE W. HICKS, JR.
                                              UNITED STATES MAGISTRATE JUDGE