THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TINA S. CUMBESS, : | |
| : | |
|     Claimant, : | |
| : | |
| v. : | Civil Action |
| : | No. 5:07-CV-386 (CAR) |
| MICHAEL J. ASTRUE, : | |
| COMMISSIONER OF : | |
| SOCIAL SECURITY, : | |
| : | |
|     Defendant. : | |
| _____ : | |

### ORDER ON THE REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case is before the Court on the Report and Recommendation of United States Magistrate Judge Claude W. Hicks, Jr., who recommends that the Court affirm the decision of the Commissioner of Social Security to deny Claimant's application for Social Security disability benefits. Claimant has entered a timely objection to the Recommendation. Upon consideration of the objections of the Claimant and a *de novo* review of the record submitted by the parties, the Court agrees with the conclusions of the Magistrate Judge and hereby **ADOPTS** the Recommendation as the Order of the Court.

Claimant seeks benefits due to various medical conditions, including hypertension, gastrointestinal disorders, and anxiety-related disorders. There is no dispute that Claimant has some limitations due to these medical conditions. The question for the Administrative Law Judge (ALJ), however, was the degree to which these limitations rendered her disabled from performing any gainful activity for which she was qualified. In a decision dated November 22, 2006, the ALJ found

that Claimant was not disabled.

In a thorough and well-reasoned Recommendation, the Magistrate Judge has explained that the November 22, 2006 decision of the ALJ was supported by substantial evidence and in accordance with correct legal standards. In determining the extent of Claimant's limitations, the ALJ appropriately considered and weighed the records of Claimant's treating professionals and of the state agency consultants, and the testimony and representation of Claimant herself. The Court does not disagree in any way with the conclusions reached by the Magistrate Judge.

Claimant makes five specific objections to the Magistrate Judge's Recommendation. Each of these objections as well as this Court's rationale for finding them to be without merit are individually discussed below.

First, Claimant contends that her need for frequent bathroom breaks was not included in the hypothetical question posed to the vocational expert whose answer the ALJ used to determine that she could work as a cashier or surveillance system monitor. Claimant alleges that this limitation should have been explicitly included in the hypothetical question because it was contained in a portion of the assessment completed by her treating physician, Dr. Mohamedy, which the ALJ accepted. Regarding this limitation, Mohamedy noted in his assessment, "[S]he states she has to use the bathroom quite often." Before responding to the hypothetical question, the vocational expert asked to see the assessment. The vocational expert then examined the complete assessment before answering the hypothetical question. Therefore, the hypothetical question included Claimant's need for frequent bathroom breaks even though this limitation was not explicitly stated. As such, Claimant's first contention is without merit.

Second, Claimant contends that the ALJ did not follow binding rulings because he failed to

specify how often she must change positions after determining that she must alternate between sitting and standing.  Claimant alleges that the frequency of positional changes should have been explicitly included in the hypothetical question posed to the vocational expert.  However, the reasonable implication of the ALJ's hypothetical question included the limitation that Claimant be able to sit or stand at will.  As the court stated in *Williams v. Barnhart*, "Although the ALJ failed to specify the frequency that [Claimant] needed to change his sit/stand position, the reasonable implication of the ALJ's description was that the sit/stand option would be at [Claimant's] own volition.  This implication satisfies [Claimant's] needs."  140 Fed. Appx. 932, 936-37 (11th Cir. 2005).  In the case at hand, the reasonableness of the implication that Claimant be able to sit or stand at will is supported by the following two reasons.  First, the vocational expert appears to have attached this meaning to the hypothetical question because he not did request that the ALJ clarify how often one with Claimant's limitations would need to change positions before answering the question.  Second, Claimant has failed to suggest any other way in which the hypothetical question could be interpreted.  Therefore, Claimant's second contention is without merit.

Third, Claimant contends that the ALJ did not sufficiently explain why he discredited her subjective pain testimony, thus making appellate review of the ALJ's determination impossible.  Due to this alleged failure, Claimant contends that her subjective pain testimony must be accepted as being true.  However, the ALJ did explain his reasoning for discrediting Claimant's subjective pain testimony by observing that her own physicians found that some of her conditions were intermittent and/or controlled by treatment or medication.  Thus, Claimant's third contention is without merit.

Fourth, Claimant contends that the case must be remanded so that the Commissioner can

consider new and material evidence of mental limitations obtained during a consultative psychological exam by Dr. Earles that did not occur until after the exhaustion of her administrative remedies.  In order for there to be a possible remand for the Commissioner to consider additional evidence, sentence six of 42 U.S.C. § 405(g) requires, among other things, that there exist good cause for Claimant's failure to incorporate the evidence into the record at an earlier time.  Contrary to the assertion by Claimant, the good cause requirement is not satisfied by merely demonstrating that the evidence did not exist when the matter was still at the administrative level.  If this was the case, any plaintiff who was not successful at the administrative level could get a second chance simply by procuring and submitting a newly created report from a physician or other professional.  In this case, there is  no apparent reason why Claimant did not participate in a consultative psychological exam until more than nine months after the ALJ's decision.  Therefore, good cause has not been shown for her failure to incorporate the evidence into the record at an earlier time.  For this reason, Claimant's fourth contention is without merit.

Lastly, Claimant contends that the case must be remanded so that the Commissioner can consider new and material evidence of Claimant's physical limitations that she submitted to the Appeals Council following the issuance of the ALJ's decision.  The evidence consists of two CT scans of her abdomen and pelvis as well as treatment notes and medical records.  Claimant alleges that the Magistrate Judge misunderstood the evidence because he failed to distinguish between diverticulitis, which is painful, and diverticulosis, which is not.  Despite this difference between diverticulitis and diverticulosis, the ALJ had evidence of Claimant's bowel abnormalities before him when he rendered his decision.  As such, Claimant's fifth and final contention is also without merit.

The final decision of the Administrative Law Judge is **AFFIRMED**.

It is SO ORDERED this 22nd day of September, 2009.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

LNH/ssh